May it please the Court, I'm Eric Weaver on behalf of Anjay Baker, and I appreciate you moving this up the calendar. It seems to me that the case of Snyder v. Louisiana means that the two subjective reasons can't form a basis for finding that the California courts acted reasonably. This case is similar in the finding because the judge, after hearing the reasons and entertaining pretty lengthy arguments by the counsel on the second Wheeler motion, just denied it without stating any reasons. I think Snyder's pretty clear that if the trial court who observes the subjective reasons doesn't state on the record that he credits the or she credits the subjective reasons, then there's no basis for finding that on appeal as justification. Interestingly, the case that the respondents cited in their supplemental authorities, People v. Lennox, the New California case, it imposes exactly that obligation on trial courts explicitly. So I think the application of Snyder to this case is fairly undisputed. The real question is whether the drive-by shooting is a valid reason or is a pretext. In our arguments, we stated the fact that the judge offered that reason at the beginning after the first Wheeler motion showed that the judge was violating Johnson by offering reasons to the prosecutor. The respondent in their brief said that, well, the judge is always allowed to give a reason for denying a motion. But I think there's a procedural problem with the way the judge handled that first motion. As the Court's well aware, there's this three-step process. You offer a prima facie case, the prosecutor states reasons, and then the judge decides the reasons. The judge jumped to the third step, the first step. Rather than finding that no prima facie case had been made, he offered a justification, i.e., the second step of the procedure, and then approved that reason, which was the third step of the procedure. So I think that the judge violated the Batson process by offering a reason. Again, I think ---- What do we do with the court of appeals decision? Well, the court of appeals decision, I think, is even worse because ---- That's the last reason decision. That's true. The Court's supposed to consider both of them. The court of appeals approach, I think, is even different. Well, actually, it's harder to justify in terms of its reasonableness because it spends almost all this time explaining why it's not going to apply comparative evidence. We now know that that's wrong. Lennox says that's wrong. This case has said this, Boyd v. Newman, et cetera. So that is completely wrong. When it gets to the actual reasons, I believe the fair reading of their opinion is that they didn't credit the drive-by shooting reason. They brushed by that and went to the subjective reasons and went on about how prosecutors are allowed or attorneys in general are allowed to rely on hunches, they're allowed to follow their gut, parenthery, et cetera. The problem is there's no record to find that that was the actual basis of the decision. So I think the court of appeals decision is unreasonable in that regard. So everything circles back around to the drive-by ---- the alleged drive-by shooting reason. And I think that it's hard to deny, given the explicit language of the prosecutor, that there was a racial bias in citing that reason because he assumed that the juror had criminal associations based on the fact that he'd been the victim of a crime. He didn't apply that assumption to two white jurors who had also been victims of crime. I thought he said he wasn't sure. I think he kind of wavered a little bit. But it's very ---- he says at ER 199, he says, this raises concerns in my mind that he has got some ties with some people who may have criminal background in Southern California where that incident occurred. But there's something a little bit before that, if I'm not mistaken, where he talks about ---- Yeah, he says, now, if somebody is shooting up his house, then the next question is why. Why is he being singled out for that sort of thing? And then he offers a reason, the answer to his question. It seems to me that's a pretty explicit statement. Now, it's true, there's other language where he waffles a little bit and says, well, maybe I don't know, I can't run a cleats on him, et cetera, et cetera. But I don't think that that undermines the focus. This is what he says his focus is for his reason, is he's concerned about the criminal associations. There's no basis in the record to find that association. In fact, it's quite the opposite. Everything about the voir dire of this juror suggests that he's an upstanding citizen, works for the state, has a family, his wife is a stay-at-home mom, et cetera, et cetera. So I don't think that there's a basis for finding that there's a criminal association. Well, the interesting thing is that in most instances, in my experience, and I've been a trial judge for over 20 years, is that where somebody's been the victim of a violent crime or any type of crime, it's generally the defense that wants to get rid of that person because they're concerned the person is going to have rebound feelings against a criminal, alleged criminal. That is absolutely true, and I think that's actually a circumstance that shows that there was a racial motivation here because normally prosecutors would want to keep that juror. So unless he reaches the conclusion that there's a criminal association, i.e., he can't be an innocent victim here, his natural proclivity would be to keep that juror and want that juror to be on the – and so I think that's actually a circumstance that illustrates that this was an improperly motivated – an improperly motivated charge. Are you arguing unreasonable finding of – unreasonable determination of the facts or unreasonable application of Batson? I think I'm doing both. I think that the procedure that was followed by the California courts was unreasonable. I mean, the California courts, I think this Court can concede, has been fighting – and that the U.S. Supreme Court has affirmed the Ninth Circuit's approach to the Prima Facie case. It's rejected the California Supreme Court's approach to the Prima Facie case. So the U.S. Supreme Court is sending messages to California that it is way too slack in the way it handles these cases. I think this is just another example of how the California cases just – the California courts just brush off Batson claims, conjure up reasons on their own, either at the trial court level or the court of appeal level, don't make the record that's required by the U.S. Supreme Court, and then affirm. I just don't see how either on the legal basis or on the factual basis under both – There was another reason that the prosecutor gave or the judge identified. I can't remember how it was. The juror was giving – his body language was disrespectful, I believe, was the words used. Right. He said his body language, I think, was nervous, that there was a specific question about bad experiences with the police, and he manifested that he was nervous. And the judge said, I thought he was going to raise his hand. Right. I don't know – that's an offhand remark, but when it comes to actually making its decision – Well, I thought that was one of the reasons the prosecutor gave for striking him. It was one of the reasons that the prosecutor gave. Well, what's wrong with that reason? Well, the court didn't – when the court made its ruling, it didn't rule on that basis. The record is silent. It just says I deny the motion. Snyder's pretty clear that you have to give a reason. Lennox, applying Snyder, says we want a record that shows which reasons the court – the trial court relied on so that we know what the basis of the decision is. There's the case that I cited in supplemental authorities, Haynes v. Quarterman, same thing there. The judge who ruled on the motion was able to observe what he perceived to be the sincerity of the prosecutor, but he hadn't been able to rule whether it applied to the actual jurors. So I think that you have to have a record. There's no record here, and that's a violation of procedure. Unless there's other questions, I'd like to save my minute 45 for rebuttal. May it please the Court, Ward Campbell, for the appellee. I'd also like to thank the court panel and staff for accommodating the scheduling of this matter. I appreciate it. Actually, I think the record in this case indicates that both the trial court and the district court of appeal gave very careful scrutiny and attention to the prosecutor's reasons for the excusable juror Russell in this case. It's apparent that the trial court was already paying close attention to juror Russell's answers under voir dire based on what, in fact, it did say when the initial Batson-Wheeler motion was made in this case. The trial court, in fact, also noticed the same issue about the body language that was raised by the prosecutor, which was that he did everything but raise his hand. He was apparently very uncomfortable and concerned about this question about bad experiences with law enforcement. And finally, as to the court, in fact, did rule that after hearing both the prosecutor's reasons and the defense's responses to that, that there were not sufficient grounds to justify a belief that there had been purposeful discrimination in this case. The court is not satisfied that sufficient grounds had been established that the challenges heretofore exercised by the people were violative of Wheeler, which is also Batson in this case, and then it denied the motion. We would submit that, in fact, that that shows altogether the record shows that this trial court was very engaged and, in fact, very carefully considered the reasons given by the prosecution. These were race-neutral reasons. The drive-by shooting reason is a very distinctly different crime from the kinds of crimes that are at issue in this case, which were assault and sexual crimes. And Mr. Russell was really not able to elucidate the circumstances of the reasons for that drive-by shooting, and there was really no way for the prosecutor to understand what the reasons were behind that. When you couple that with Mr. Russell's body language regarding bad experiences with law enforcement and also his at least initial detachment from the proceedings at the time he was first called into the jury box, all those reasons together, all of which were either observed by the court or analyzed by the trial court and about even which I don't think the defense counsel necessarily at the trial disputed, certainly all supported the prosecutor's reasons and were race-neutral. And the court there was in the position to let to judge the demeanor of the juror and the prosecutor and to assess the credibility. And all that went into the reasoning that ultimately led to its decision to deny the motion. And the District Court of Appeals decision, frankly, upheld that because of the substantial grounds that supported it in the record. Now, none of that amounts to an unreasonable application of, in fact, the analysis under Batson-Wheeler as it has evolved over the years. And I think that it shows that there, in fact, was a very careful following of the three steps of Batson-Wheeler. Unless there's any questions, we'll submit it. Any further questions? No, thank you. Thank you very much. Just briefly, in the second case that respondents cited in their brief, Smalls v. Roper, in the dissent, which that case, by the way, there's a cert petition pending in that case, the dissent, I think, accurately describes what's wrong with the decision in Smalls v. Roper and also explains what's wrong with the decision in this case. It says the question is not whether there were potential valid reasons in the record. The question is whether the trial court relied on those reasons. The record here, I'm going to quote just one sentence. The record here reflects the competing views offered by the prosecution and the defense, but is of no assistance in determining which was factually correct. That's the problem we have here. The judge heard these arguments, could have said which reason he was relying on. I find that it's the reason one, reason two, or reason three, but he didn't. He just denied it. So we have no basis of knowing why, what reason is valid. I think that for the reasons stated, the drive-by shooting reason is invalid, and I think that the court can't rely on the basis of Snyder on the subjective reasons. And with that, I'll submit it, and thank you for your attention. Thanks so much for the arguments. We also understand that there is another issue in the case and that it's been adequately presented in the briefs. So we're not going to lose. There's another issue in the case, but we understand. The blanket. The blanket. That's adequately addressed in the papers, and I think you focused appropriately on the key issue in this case. Thank you very much. Safe journey home. Thank you. Thank you.
judges: Thomas, Paez, Ezra